JOHNSON *v.* STOUT.

4-9422                                       238 S. W. 2d 97

Opinion delivered April 2, 1951.

*O. W. (Pete) Wiggins,* for appellant.

*Tommy Russell* and *Byron Bogard,* for appellee.

PAUL WARD, J.   On April 1, 1944, Marshall Stout gave Troy Johnson a check of same date drawn on the Twin City Bank of North Little Rock, in the sum of $6,000, payable to cash, and when it was presented to the Bank payment was refused because of insufficient funds. On July 29, 1946, suit was filed on the check, alleging Johnson paid cash and merchandise for it, and judgment

was prayed in the sum of $6,000 with interest thereon. In response to a motion filed by Stout, the complaint was amended September 29, 1949, to state that the only merchandise delivered was a bottle of whiskey valued at $5.00 and the balance was paid in cash. Stout filed an answer on November 4th in which he admitted signing the check, but stated there was no consideration for same because he and the plaintiff had engaged in a dice game in which he wound up owing the plaintiff $6,000 as an illegal gambling debt and only at plaintiff's insistence had he given him the check. On the above issue the case was finally tried before a jury on April 20, 1950, judgment was rendered in favor of the defendant, and the plaintiff prosecutes this appeal.

We do not agree with appellant's contention that there is no substantial evidence to support the verdict of the jury. Johnson owned and operated a liquor store and used car lot in North Little Rock near which place there were located some tourist cabins. Stout says he and Johnson, together with a man named Bailey, began a dice game in one of the cabins soon after dinner and played until after five o'clock in the afternoon, that he soon lost $200 which he had and then began to lose large amounts to Johnson for which he gave I.O.U. notes; and that in trying to recoup his losses he wound up owing Johnson $6,000. Stout says when the game was over Johnson insisted that he give him a check for said amount, which he did; that he does not know why he did except that he was worn out. He also states that he was earning $75 per week working for his mother and he never had as much as $6,000 in the bank at any one time. Bailey was not called by either side to testify.

Although Stout's version of what occurred is not corroborated by any other witness and is denied *in toto* by appellant, and in part by his employee at the time, we think his testimony when taken together with the attending facts and circumstances constitutes sufficient evidence to support the verdict of the jury.

Appellant, however, contends that this case should be tested by the rules announced in the case of *Johnson*

v. *Godden,* 33 Ark. 600, from which he quotes the following: "One who pleads the gaming act in defense against a note and mortgage fair on their face, must prove the defense by clear and strong proof."

The above rule was applied in a chancery case where it was sought to defeat a note and mortgage on real estate on the ground that the consideration was in fact a gambling debt and it was held that the terms of a written instrument could not be changed except by clear and convincing evidence. We think the proper rule and the one applicable here is the one approved by this court in the case of *Bynum* v. *Brady,* 82 Ark. 603, 100 S. W. 66, where this court approved the following instruction:

"Gentlemen of the Jury, the plaintiff sues to recover money lost in a game of poker. If you believe from a preponderance of the evidence that plaintiff played in a game of poker with these men, the defendants, and that they won his money, he can recover and you will render a verdict for the amount of money won from him."

Appellee's defense was set forth in the instruction embracing the statute on gambling debts properly given over the objection of appellant, which reads as follows:

"Section 34-1604 of the Statutes of Arkansas provides that all judgments, conveyances, bonds, bills, notes, securities and contracts, where the consideration or any part thereof is money or property won at any game or gambling device, or any bet, or wager whatever, or for money or property lent to be bet at any gaming or gambling device, or at any sport or pastime whatever, shall be void.

"You are instructed that if you find from a preponderance of the evidence that the check sued on in this case was given to the plaintiff in payment of gambling losses to the plaintiff, then, if you so find, your verdict will be for the defendant."

Appellant insists that the court erred in refusing to give a number of requested instructions. All of these except the one discussed below were based on the Nego-

tiable Instrument Law were not responsive to testimony, and therefore properly refused.

Appellant requested an instruction giving him the right to open and close the arguments before the jury. There seems to be no contention by appellant that the court was in error when he placed the burden of proof on the defendant to prove the check was given for a gambling debt, and having properly done so the court was, we think, correct in giving appellee the right to open and close. Section 27-1727, Sub. § 6 of the Ark. Stats., provides: "In the argument the party having the burden of proof shall have the opening and conclusion; . . ." The above provision was sustained in the case of *Roberts* v. *Padgett*, 82 Ark. 331, 101 S. W. 753, and this case was approved in subsequent cases.

No error appearing the judgment of the lower court is affirmed.