Eddie and Patricia JOHNSON *v.*
SAFECO INSURANCE COMPANY
OF AMERICA

78-199                                    576 S.W. 2d 220

Opinion delivered February 5, 1979
(Division I)

*Joseph A. Madey,* for appellants.

*Friday, Eldredge & Clark,* for appellee..

GEORGE ROSE SMITH, Justice. This case is similar to another recent case in that the complaint seeks to assert the tort of bad faith. *Findley* v. *Time Ins. Co.,* 264 Ark. 647, 573 S.W. 2d 908 (1978). Here the trial court sustained a demurrer to the complaint (except for a consent judgment for $300) and dismissed the action, on the ground that the complaint failed to state facts constituting a cause of action. We affirm.

The complaint alleges that in March, 1975, the plaintiffs signed an offer for the purchase of a house and paid $400 as earnest money. The offer was not accepted, but the real estate broker and his salesman wrongfully refused to return the earnest money, except for a refund of $100. The salesman's license as a real estate agent was later revoked by the Arkansas Real Estate Commission, and the broker's license was suspended.

The complaint further alleges that the defendant, Safeco Insurance Company, was the surety upon the statutory bond filed by the broker. Ark. Stat. Ann. § 71-1305 (Supp. 1977). (Under the statute the bond is for $2,000 and is to protect persons doing business with licensed real estate brokers and salesmen.) It is asserted that over a period of more than 2 1/2 years Safeco, in bad faith, failed to adequately investigate the plaintiffs' claim and failed to pay the $300 that was due. The complaint alleges as damages unspecified economic losses, embarrassment and humiliation, and physical, mental and emotional distress. The prayer is for $25,000 as compensatory damages and $100,000 as punitive damages.

As in *Findley*, the allegation of "bad faith" is a conclusion of law referring only to the defendant's failure to adequately investigate the claim and its failure to pay the claim. There is no allegation of affirmative wrongdoing on the part of the defendant. Consequently, for the reasons stated in *Findley*, the complaint is demurrable.

Furthermore, Safeco's position is even stronger than that of the insurance company in *Findley*, for Safeco was merely a surety upon the broker's bond, not an insurance company issuing a policy directly to the plaintiffs and receiving its premiums from them. If a surety should pay a claim when there is no liability on the part of its principal, it is treated as a volunteer and cannot recover the payment from the principal. *Fireman's Fund Ins. Co. v. Clark*, 253 Ark. 1025, 490 S.W. 2d 447 (1973). Another possible defense, in addition to any that might be raised by the principal, could be that the $2,-000 maximum liability under the bond had been discharged in the payment of other claims or had to be prorated among

various claimants. Thus the mere allegation that the broker and the salesman failed to return the plaintiffs' earnest money does not necessarily state a cause of action against the surety.

Affirmed.

We agree. HARRIS, C.J., and BYRD and PURTLE, JJ.