R.J. "BOB" JONES EXCAVATING CONTRACTOR, INC. *v.* FIREMEN'S INSURANCE COMPANY of Newark, New Jersey

95-1318                                   920 S.W.2d 483

Supreme Court of Arkansas
Opinion delivered April 29, 1996
[Petition for rehearing denied June 10, 1996.*]

---

*DUDLEY, J., not participating.

*Stanley D. Rauls*, for appellant.

*Clark W. Mason* and *Ford, Yungblut, White & Salazar, P.C.*, by: *Michelle I. Rieger* and *Elmer A. Johnston*, for appellee.

DONALD L. CORBIN, Justice. Appellant, R.J. "Bob" Jones Excavating Contractor, Inc., (hereinafter "Jones") appeals the order of the Pulaski County Circuit Court granting summary judgment to appellee, Firemen's Insurance Company of Newark, New Jersey, (hereinafter "Firemen's") on appellant's complaint for nonpayment under a statutory payment bond pursuant to Ark. Code Ann. § 23-79-208 (Repl. 1992) and for the tort of bad faith. This case requires statutory interpretation and presents a question about the law of torts; jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and (16). Jones raises two points for reversal of the summary judgment. We find no merit and affirm.

## PROCEDURAL HISTORY WITH BACKGROUND FACTS

Jones filed this suit against Firemen's seeking to recover on a payment bond issued by Firemen's as surety to Lawrence Brothers Incorporated, (hereinafter "Lawrence Brothers") as principal and general contractor on Arkansas Highway Department Project No. 60447. Lawrence Brothers was to construct several bridges and

appurtenances along Highways 46 and 222 in Grant County, Arkansas. Jones subcontracted with Lawrence Brothers to do the excavation work on the project.

A dispute arose between Lawrence Brothers and Jones over Jones's completion of the subcontract and Lawrence Brothers declared Jones in default. Jones sued Lawrence Brothers for breach of contract and Lawrence Brothers counterclaimed for breach as well. A jury found both appellant and Lawrence Brothers in breach, but awarded damages only to appellant. Appellant won damages in the amount of $110,115.50 plus $46,891.97 in costs. This court dismissed Lawrence Brothers's appeal of the jury verdict for lack of jurisdiction due to an untimely notice of appeal. *Lawrence Bros., Inc. v. R.J. "Bob" Jones Excavating Contractor, Inc.*, 318 Ark. 328, 884 S.W.2d 620 (1994). Lawrence Brothers satisfied the judgment two days after we dismissed its appeal. Firemen's was not a party to the suit between Lawrence Brothers and Jones.

Jones demanded payment under the bond from Firemen's both prior to and after filing this suit against Lawrence Brothers and again after judgment was entered in that suit. Two days before Lawrence Brothers satisfied the judgment, Jones amended its complaint against Firemen's in this case to include a claim for the tort of bad faith.

The trial court granted Firemen's motion for summary judgment in an order without explanation. At the hearing on the motion, however, the trial court stated that Firemen's was entitled to judgment on both claims because Jones did not recover twenty percent of the amount demanded or sought in the suit as required by section 23-79-208(d) and because the tort of bad faith did not apply to a surety and had not been shown in this case.

## STANDARD OF REVIEW

The standard for appellate review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Baker v. Milam*, 321 Ark. 234, 900 S.W.2d 209 (1995). This court views all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.* However, when the movant

makes a prima facie showing of entitlement to summary judgment, the respondent must meet that proof with proof showing a genuine issue as to a material fact. *Id.*

## CLAIM FOR PAYMENT UNDER THE BOND

■ Jones's first point for reversal relates to the claim for payment under the bond. Jones makes two arguments under this point. First, Jones contends the trial court erred in ruling that Lawrence Brothers's payment of the underlying debt after Jones's appeal was dismissed against Lawrence Brothers extinguished Jones's cause of action under section 23-79-208. We need not address whether such a ruling was in error because there was no such ruling by the trial court in this case. The order entered in this case grants summary judgment to appellee without explanation. Although Firemen's pleaded Lawrence Brothers's payment as an affirmative defense in its answer, the record of the hearing on the motion for summary judgment does not reveal that the effect of the principal's payment of the underlying debt on the surety's liability was ever discussed or served as a basis for the trial court's ruling. This court does not review matters that were not ruled upon below. *Technical Servs. of Arkansas, Inc.* v. *Pledger,* 320 Ark. 333, 896 S.W.2d 433 (1995).

Second, Jones contends that Firemen's admitted all essential elements to establish appellant's recovery of the statutory penalty, interest, and attorneys' fees under section 23-79-208, thus the trial court erred in granting summary judgment to Firemen's. Specifically, Jones argues the trial court erred in ruling that recovery under section 23-79-208 was not allowed because Jones did not recover within twenty percent of the amount demanded as required by section 23-79-208(d). Subsection (d) was added to section 23-79-208 in 1991 and provides as follows:

23-79-208. Damages and attorney's fees on loss claims.

(a) In all cases where loss occurs and the . . . surety . . . liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys'

fees for the prosecution and collection of the loss.

. . . .

(d) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorneys' fees provided for in this section if the amount recovered for the loss is *within twenty percent (20%) of the amount demanded or which is sought in the suit.* [Emphasis ours.]

Firemen's contends that Jones was required to recover within twenty percent of the amount demanded of Firemen's or the amount sought in the suit against Lawrence Brothers. This contention arises as a result of the peculiar facts of this case — specifically, that Jones did not join Firemen's as a party defendant in the suit against Lawrence Brothers and that Jones made four demands for payment from Firemen's, the amounts of which decreased chronologically as follows: $368,118.21, $311,808.51, $280,000.00, and $110,115.50. Firemen's points out that the only demand that would satisfy the requirements of 23-79-208(d) is the final one, which represents the amount of the judgment against Lawrence Brothers. Jones cites *Armco Steel Corp.* v. *Ford Constr. Co.*, 237 Ark. 272, 372 S.W.2d 630 (1963), and argues that it is entitled to amend its demand. Firemen's contends that *Armco Steel* does not stand for the proposition that a plaintiff can continue to amend its claim until it "gets it right."

■■ The previously mentioned peculiar facts are important and warrant some discussion of the law before resolving the merits of this question. It is well settled that "laborers and materialmen may, in cases involving public improvements, sue the surety on the bond of the contractor without making the contractor a party." *National Surety Corp.* v. *Ideal Lumber Co., Inc.*, 249 Ark. 545, 547, 460 S.W.2d 55, 56 (1970) (citing *Holcomb* v. *American Surety Co.*, 184 Ark. 449, 42 S.W.2d 765 (1931)). Laborers and materialmen are allowed to sue on the bond directly because they cannot enforce liens against construction projects involving public works. *Id.* Contractors are proper but not necessary parties to suits on their bonds for public works construction projects. *Id.*

■ It is also well settled that the penalty provided for in section 23-79-208 and its predecessor statutes has been applied to

sureties on construction bonds. *See, e.g., Ray Ross Constr. Co., Inc.* v. *Raney,* 266 Ark. 606, 587 S.W.2d 46 (1979) (citing *Reid* v. *Miles Constr. Corp.,* 307 F.2d 20 (8th Cir. 1962), and *Trinity Universal Ins. Co.* v. *Smithwick,* 222 F.2d 16 (8th Cir.), *cert. denied,* 350 U.S. 837 (1955)); *Vern Barnett Constr. Co., Inc.* v. *J.A. Hadley Constr. Co., Inc.,* 254 Ark. 866, 496 S.W.2d 446 (1973); *General Elec. Supply Co.* v. *Downtown Church of Christ,* 24 Ark. App. 1, 746 S.W.2d 386 (1988). With the exception of *Smithwick,* 222 F.2d 16, the above-cited cases were ones in which the principal and surety were both parties.

■ It is equally well settled that no demand other than the filing of suit is required under section 23-79-208 and its predecessor statutes. *See, e.g., Farm Bureau Mut. Ins. Co.* v. *Shaw,* 269 Ark. 757, 600 S.W.2d 432 (Ark. App. 1980) (citing *Phoenix Ins. Co.* v. *Fleenor,* 104 Ark. 119, 148 S.W. 650 (1912), and *Metropolitan Life Ins. Co.* v. *Shane,* 98 Ark. 132, 135 S.W. 836 (1911)); *see also, Smithwick,* 222 F.2d at 24 (citing *Broadaway* v. *The Home Ins. Co.,* 203 Ark. 126, 155 S.W.2d 889 (1941), and *National Fire Ins. Co.* v. *Kight,* 185 Ark. 386, 47 S.W.2d 576 (1932)). Moreover, a new and lesser demand may be made by amendment after suit is filed, and the surety's liability for the statutory penalty will be determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay. *Armco Steel,* 237 Ark. 272, 372 S.W.2d 630 (citing *Great S. Fire Ins. Co.* v. *Burns & Billington,* 118 Ark. 22, 175 S.W. 1161 (1915), and *Kight,* 185 Ark. 386, 47 S.W.2d 576; *Trinity Universal Ins. Co.,* 222 F.2d at 24 (citing *Life & Casualty Co.* v. *Sanders,* 173 Ark. 362, 292 S.W. 657 (1927), *Queen of Arkansas Ins. Co.* v. *Milham,* 102 Ark. 675, 145 S.W. 540 (1912), and *Kight,* 185 Ark. 386, 47 S.W.2d 576).

■ Finally, this court has stated that if a surety pays a claim when its principal is not liable, the surety is treated as a volunteer and cannot recover the payment from its principal. *Johnson* v. *Safeco Ins. Co.,* 265 Ark. 9, 576 S.W.2d 220 (1979) (citing *Fireman's Fund Ins. Co.* v. *Clark,* 253 Ark. 1025, 490 S.W.2d 447 (1973)). In *Barnett Constr.,* 254 Ark. 866, 876-77, 496 S.W.2d 446, 452, this court applied *Clark,* 253 Ark. 1025, 490 S.W.2d 447, and a predecessor statute to section 23-79-208, and stated as follows:

> Applying this statute to a surety so the surety must either pay a claim and align itself against its principal or run the risk of being penalized by a liability for a 12% penalty and attorney's

fees seems to be beyond the salutary purpose and intent of the statute.

■■   In the present case, Firemen's argues that its delay in paying Jones's four demands was due to the legitimate dispute and litigation occurring between Jones and Firemen's principal, Lawrence Brothers. That the dispute was legitimate is evidenced by the jury's answers to interrogatories finding both the principal, Lawrence Brothers, and the subcontractor, Jones, in breach. Consistent with our statement in *Barnett Constr. Co.*, we conclude on the facts here presented that there can be no liability of Firemen's against Jones under section 23-79-208 because of the litigation between Jones and Lawrence Brothers. To impose liability on Firemen's under section 23-79-208 would force Firemen's into the untenable situation described in *Barnett*. Accordingly, we affirm the trial court's ruling that Firemen's is entitled to judgment as a matter of law on Jones's claim pursuant to section 23-79-208, albeit for a different reason than expressed by the trial court. This court affirms the judgment of the trial court if the result reached is correct. *Lawhon Farm Supply, Inc. v. Hayes*, 316 Ark. 69, 870 S.W.2d 729 (1994).

## TORT OF BAD FAITH

■   For his second point for reversal, Jones challenges the trial court's ruling that the tort of bad faith does not apply to surety companies and that the tort of bad faith was not demonstrated in this case. The components of the tort of bad faith are affirmative misconduct by an insurer, without a good-faith defense, which is dishonest, malicious, or oppressive in an attempt to avoid liability under a policy. *Aetna Casualty and Surety Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1983). The tort of bad faith applies to both first and third-party claims. *Id*. The third-party tort of bad faith is the negligent failure of an insurer to settle a third-party claim within policy limits. *Employers Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984).

■   It is questionable whether the tort of bad faith applies to these facts — where one who has subcontracted with a principal asserts a cause of action for bad faith against the principal's surety or bonding company. We need not decide this issue, however, because the tort has not been proved in this case. *See Williams v. Joyner-*

*Cranford-Burke Constr. Co.*, 285 Ark. 134, 685 S.W.2d 503 (1985).

■ Jones argues there are material issues of disputed fact relating to the claim for bad faith and summary judgment was thus improper. As the moving party, Firemen's bore the burden of proving it was entitled to summary judgment. In this case, Firemen's met that burden by demonstrating it had a good-faith defense to the tort of bad faith. As previously discussed, if a surety pays a claim when the principal is not liable, the surety is treated as a volunteer and cannot recover the payment from the principal. *Johnson*, 265 Ark. 9, 576 S.W.2d 220. There was a legitimate question of Lawrence Brothers's liability, as is evidenced by the jury answers to interrogatories finding both Lawrence Brothers and Jones in breach. Thus, Firemen's had a good-faith defense and has proved it is entitled to judgment as a matter of law. *See Johnson*, 265 Ark. 9, 576 S.W.2d 220. Jones offered no proof to defeat Firemen's good-faith defense and has therefore not met its burden of meeting Firemen's proof with proof that there is a genuine issue for trial.

The order granting summary judgment is affirmed.