YOUNG v. FARMERS' MUTUAL LIFE INSURANCE COMPANY.

Opinion delivered January 9, 1928.

INSURANCE—CLASSIFICATION OF BENEFICIARIES OF ASSESSMENT SOCIETY.
—Classification of a mutual benefit society for the purpose of
assessment of death benefits into white and colored divisions, *held*
not unreasonable under the provisions of Acts 1925, c. 139, § 2,
requiring combination of groups or circles in certain cases.

Appeal from Hot Spring Chancery Court; *W. R. Duffie,* Chancellor; affirmed.

*Joseph Callaway,* for appellant.

*John L. McClellan,* for appellee.

McHANEY, J.   Appellee is engaged in the life insurance business on the pro rata assessment basis. It had no circles, but had two divisions, one composed of white people and the other of colored. When a death occurred in either division, an assessment was levied against the members of that division up to one thousand to pay the face of the policy. When another death occurred, it assessed the next one thousand, and so on through the membership of that division. Appellant, Cornelia Young, is the widow of Isaac Young, who carried a policy with appellee in the colored division, by which appellee agreed to pay appellant, as beneficiary, within thirty days after the receipt of satisfactory proof of death of the insured, the sum of $1,000, subject to the rules and regulations of appellee, which were set out in the policy, which contains the following provision:

"This company is founded and policy issued upon the assessment plan. The object is to give the members insurance at the lowest possible cost. It will be the object to hold all members in one class to always insure a full payment of death claims. Upon notice of a death, starting at the head of the list, a sufficient number of members will be called to pay the claim; the next death, another section will be called in like manner, until the round is made, and no member shall be called twice until all members shall have been called. In case a member should die before the total membership in good standing shall have reached one thousand, or should one member-

ship be reduced to a number below one thousand, then in that event it is understood that a membership is only due said member one dollar for each of said members in good standing at the time of his death.''

At the time of the insured's death there were only thirty-nine members in good standing in the colored division, and on receipt of the proof of loss appellee tendered to appellant $39 in full settlement of all claims against it, which was refused. She thereafter instituted this suit, by which she sought to compel appellee to consolidate the two divisions, whites and colored, and to recover against appellee for $1 per member for both divisions. On a trial of the case the chancellor found that appellant was entitled to recover only $39, and that, appellee having tendered appellant this sum of money in open court, she was entitled to recover her costs up until the date of such tender, and was liable for the costs thereafter, and entered its decree accordingly, from which is this appeal.

We think the judgment of the trial court is correct and must be sustained. Appellant had always done business on the same plan it is now doing business. It had always kept the records of the two divisions, whites and blacks, separate and distinct. No person in the white division was ever called upon to pay a death claim occurring in the colored division, and neither was a person in the colored division called upon to pay for a death in the white division. The insured fully understood this plan of operation, and the by-law adopted on August 31, 1925, did not change the policy of the company in this regard. The insured was advised of this plan in the letter of McDowell on September 16, 1925, and continued thereafter to be a member until his death on the 21st day of February, 1926, without ever questioning the policy of the company in this regard.

The principal contention of appellant seems to be that, under provisions of act 139 of 1925, sub-section D of § 2, appellant was required to assess all the members, both white and black, up to the face value of the policy

to pay for a loss. The last sentence in this sub-section is: ''Such association shall combine all groups or circles which are in existence at this time and are not up to the maximum, and all groups or circles shall be kept up to the maximum.'' The answer to this contention is that appellee did not have any groups or circles to combine, but had two divisions, according to color, and we do not think the Legislature had in mind any such contemplation as is contended by appellant. The classifications according to color are not unreasonable, and the act in question has no application to such classification as appellee made.

It is further contended by appellant that, under the terms of the policy, appellee is liable for $784 on account of the language of the policy heretofore quoted. But not so, as that language refers to all the members in a division, and not to the membership as a whole.

It follows that the judgment of the chancery court is correct, and it is therefore affirmed.