MUTUAL RELIEF ASSOCIATON v. POINDEXTER.

Opinion delivered October 29, 1928.

*John P. Roberts,* for appellant.

*Evans & Evans,* for appellee.

McHANEY, J.   Appellee brought this action against appellants, Mutual Relief Association and John P. Roberts, W. T. Roberts and C. H. Williams, its bondsmen, and the Interstate Protective Association, F. E. Schooley, E. E. Randall and L. T. Little, its bondsmen, to recover a maximum amount of $500 on a life insurance policy issued by the Mutual Relief Association on the life of John H. Poindexter, in which the appellee was named as the beneficiary.

The policy was issued on the 4th day of March, 1921. On the 14th day of May, 1926, the appellant, Interstate Protective Association, acquired all the assets and property of the Mutual Relief Association, and assumed all of its liabilities.   Thereafter John H. Poindexter, or the appellee for him, paid all assessments which became due under this policy to the Interstate Protective Asso-

ciation until the time of his death, which occurred in March, 1927. The policy provided that the death benefits named in the policy were payable out of any sum or sums that might be realized from an assessment of the members of the company or circle to which the deceased belonged, and provided further, "that the liability of the Mutual Relief Association hereunder shall in no event exceed the amount produced by one assessment on the members of the circle in which said member may be placed, less the cost of collecting said assessment."

Both the Mutual and Interstate companies executed and filed a bond with the Insurance Commissioner, "conditioned for the prompt payment of all assessments to the parties or beneficiaries entitled thereto, and the makers of said bond shall be liable thereon for any violation of the conditions thereof, or any loss which may accrue to the policyholders or beneficiaries of such company."

The testimony of the secretary of the Interstate Association, which is undisputed in the record, was to the effect that a double assessment was levied after the death of John H. Poindexter, covering two deaths, for the month of April, and that the total amount received was $116.49, which, after deducting the cost of collection, $23.35, left $93.14, or $46.57 for this death claim. The secretary had the records showing his collections for April, with every man's name thereon from whom money was received. This was all the evidence touching upon the amount realized from the assessment.

Appellant, Mutual Relief Association, and its bondsmen, and the bondsmen of the Interstate Protective Association, requested an instructed verdict in their favor, which the court refused, over their exceptions.

Over the objections and exceptions of appellants, the court refused to give the following instruction requested by them: "If you find that the plaintiff had paid all the assessments due, then you are instructed to find for the plaintiff the amount of one assessment of

the members in the group or circle to which the plaintiff belongs, less the cost of collection, which in this case is shown to be the sum of $46.57.''

There was a verdict and judgment for appellee against all the appellants for $500, 12 per cent. penalty, and an attorney's fee of $100.

We are of the opinion that the court erred in failing to direct a verdict in favor of the Mutual Relief Association and its bondsmen, for the reason that all of its property and assets of every kind and character, including its records, papers and documents, had been taken over and all of its liabilities assumed by the appellant, Interstate Protective Association, some ten or eleven months prior to the death of the insured, and the insured and his beneficiary, the appellee, had thereafter paid all dues and assessments under said policy of insurance to the Interstate Protective Association. The merger or consolidation of these two companies was authorized by act 139 of the Acts of 1925, and the agreement of consolidation or merger was approved by both companies and filed with and approved by the Insurance Department of the State of Arkansas. By thereafter paying assessments to the Interstate Protective Association, appellee must be held to have consented to the merger or consolidation, and therefore he must look to it for whatever rights he has under the policy sued upon. There was therefore no liability on this policy against the Mutual Relief Association or its bondsmen, and the judgment as to them will be reversed and dismissed.

The next question that arises is, what is the liability of the appellant, Interstate Protective Association? By the terms of the policy in question, all liability thereunder which it assumed by virtue of the merger contract provides, as heretofore set out, that its liability in no event shall exceed the amount produced by one assessment on the members of the circle or group in which the member is placed, less the cost of collecting same. And, as heretofore stated, the undisputed proof in this record

is that only $46.57 net was realized by one assessment, and we think that sum to be the limit of the liability of the appellant, Interstate Protective Association, thereon. This appellant had the books showing the collection present, and he was cross-examined thereon by appellee, and it showed on the assessment made in April, after the insured's death in March, every man's name from whom any money was received.

This case in this respect differs from *Mutual Relief Association* v. *Weatherly,* 172 Ark. 991, 291 S. W. 74. The court there held again that the provisions in policies of insurance or certificates of this kind to the effect that the company will pay a certain amount upon condition that one assessment on the members of a circle or group in which the member is placed will produce such an amount, less the cost of collection, are valid and binding; that the burden of proof is on the company or association to show the amount produced by such assessment; and in that case it was held that the company did not meet the burden thus placed upon it. But here, in the case at bar, the secretary of the association testified positively from the books of the association to the amount realized on one assessment. See also the recent case of *Young* v. *Farmers' Mutual Life Insurance Co.,* 175 Ark. 1045, 1 S. W. (2d) 74.

The judgment against the Interstate Protective Association will therefore be modified by reducing the recovery to $46.57, with interest and costs, but without any penalty or attorney's fee, as it is well settled that no penalty or attorney's fee can be collected where plaintiff does not recover the amount sued for—the sum demanded. *American Alliance Ins. Co.* v. *Paul,* 173 Ark. 960, 294 S. W. 58; *Pacific Life Insurance Co.* v. *Carter,* 92 Ark. 378, 124 S. W. 764.