NATIONAL STANDARD INSURANCE COMPANY *v.*
Aubrey WESTBROOKS

97-333                                                                    962 S.W.2d 355

Supreme Court of Arkansas
Opinion delivered February 19, 1998

*Everett & Mars*, by: *David D. Stills*, for appellant.

*Fred Caddell*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant National Standard Insurance Company appeals an order of the Crawford County Circuit Court assessing attorneys' fees and a twelve-per-

cent penalty for its failure to pay loss claims upon demand where the amount appellee Aubrey Westbrooks recovered at trial was not within twenty percent of the amount he demanded or sought in his suit as required by Ark Code Ann. § 23-27-208(d) (Repl. 1992). We agree that the trial court erred in assessing statutory penalties and attorneys' fees, and we reverse and remand.

Appellee's Crawford County home was destroyed by fire on July 2, 1995. Appellant had issued a homeowners' policy to appellee that covered loss by fire in the amounts of $77,900.00 on the dwelling and $3,500.00 for the contents. On November 6, 1995, appellee signed and forwarded to appellant a document entitled, "Sworn Statement in Proof of Loss," wherein he claimed that the dwelling was a total fire loss and that the amount due him under the policy was $78,908.89, representing $77,900.00 for the dwelling and $1,508.09 for the contents, less a $500.00 deductible. On February 20, 1996, appellee filed a suit against appellant, claiming that while he had made a due demand for the above benefits, appellant had refused to tender the proceeds pursuant to the policy. In the prayer of his complaint, appellee sought $78,908.89, attorneys' fees, prejudgment and postjudgment interest, and a twelve-percent penalty. In its answer, appellant admitted that appellee's house was damaged by fire, but denied that the dwelling and personal property were a total loss.

The case was tried to a jury on September 19 and 20, 1996. Appellee's "Sworn Statement in Proof of Loss" was presented to the jury as the parties' Joint Exhibit No. 2, reflecting the amount claimed under the policy as $78,908.89. Before the case was submitted to the jury, the parties stated at a bench conference that, if the jury determined that appellee's home was a total loss, they would stipulate as to the amount to which the appellee would be entitled.

The case was presented to the jury by way of three interrogatories. In answering the first interrogatory, the jury found that appellee's home was not a total loss. Answering the second and third interrogatories, the jury determined that the actual cash value of appellee's dwelling and its contents was $62,000.00 and $750.00, respectively. Thereafter, the trial court entered its judg-

ment against appellant awarding appellee $62,750.00, representing the amount of the jury's verdict. In addition to this amount and over appellant's objection, the trial court also awarded appellee a twelve-percent penalty in the amount of $7,530.00, attorneys' fees in the amount of $7,500.00, prejudgment interest, and costs.

The statute in question, Ark Code Ann § 23-79-208 (Repl. 1992), governs the damages and attorneys' fees available on loss claims. The pertinent subsection of the statute, as amended by Act 349 of 1991, provides as follows:

> (d) Recovery of less than the amount demanded by the person entitled to recover under policy shall not defeat the right to the twelve percent (12%) damages and attorneys' fees provided for in this section if the amount recovered for the loss is *within twenty percent (20%) of the amount demanded or which is sought in the suit.* (Emphasis added.)

Prior to the 1991 amendment, in order to be entitled to the penalty and attorneys' fees, the insured must have recovered the full amount that was demanded or sought in the suit. *See Miller's Mutual Ins. Co. v. Keith Smith Co.,* 284 Ark. 124, 680 S.W.2d (1984).

In its order awarding appellee attorneys' fees and a twelve-percent penalty, the trial court found that the jury's verdict was within eighty percent of the amount appellee demanded at trial. On appeal, appellant maintains that appellee was required to recover within twenty percent of the amount demanded or sought in the suit in order to recover the statutory penalty under § 23-79-208.

██ ██ We have often stated our rules of statutory construction and interpretation. They include the following guidelines:

> The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Arkansas Vinegar Co. v. Ashby,* 294 Ark. 412, 743 S.W.2d 789 (1988). . . .In interpreting a statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other

appropriate matters that throw light on the matter. *Hanford Produce Co. v. Clemons,* 242 Ark. 240, 412 S.W.2d 828 (1967).

*Board of Trustees v. Stodola,* 328 Ark. 194, 199-200, 942 S.W. 2d 255 (1997), *quoting City of Ft. Smith v. Tate,* 311 Ark. 405, 409-410, 844 S.W.2d 356 (1993). Particularly, we have held that § 23-79-208(d), being penal in nature, is strictly construed. *Farm Mut. Auto Ins. Co. v. Thomas,* 316 Ark. 345, 871 S.W.2d 571 (1994). The purpose of § 23-79-208 we have said, is to punish the unwarranted delaying tactics of insurance companies. *Farm Bureau Mut. Ins. Co. v. David,* 324 Ark. 387, 921 S.W.2d 930 (1996).

■ ■ The statute at issue is straightforward. The plain wording of § 23-79-208(d) provides that attorneys' fees and the twelve-percent penalty are authorized only if the insured's recovery is within twenty percent of the amount demanded or sought in the suit. This court has previously interpreted the language "amount demanded or which is sought in the suit" as "the amount sued for." *Mutual Relief Assn. v. Poindexter,* 178 Ark. 205, 10 S.W.2d 17 (1928). The policy behind denying the penalty and attorneys' fees where the insured makes a demand for more than he is entitled to recover has been explained as follows:

> It could never have been the purpose of the legislature to make the insurance company pay a penalty and attorneys' fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it.

*Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 388, 123 S.W. 384 (1909). In passing Act 349 of 1991, our legislature plainly stated that, to recover the twelve-percent penalty and attorneys' fees, an insured must recover within twenty percent of the amount he demands or seeks in the suit. In this case, appellee demanded the sum of $78,908.89 in his complaint. Thus he would have had to recover $63,527.11 or greater to come within the twenty percent.

As the jury's verdict was $62,750.00, the appellee fell short of recovering within twenty percent of the amount he demanded.

In response, appellee submits two theories as to why the trial court's award of attorneys' fees and the twelve-percent penalty was proper. First, appellee, who rented the home in question, claims that, at the time he filed suit, appellant had paid loss of rents pursuant to policy provisions in the amount of $5,193.36 in rental income. After appellee filed his complaint, appellant paid the remaining balance of $2,596.64, totaling $7,790.00, or ten percent of the dwelling coverage as provided in the policy.

According to appellee, the case was somewhat unusual in its presentation to the jury, referring to a bench discussion prior to the case being submitted to the jury, at which the parties stated that, if the jury determined that appellee's home was a total loss, they would stipulate as to the amount to which appellee would be entitled. Appellee claims that there was no dispute that, at trial, the maximum amount available to him in dwelling coverage was $70,110.00, representing the amount initially demanded in his complaint less rental payments received. Adding the amount demanded in contents damage, $1,508.89, appellee claims that the "real number" demanded was $71,618.89. Thus, appellee claims that the jury's verdict of $62,750.00 was a recovery within twenty percent of the $71,618.89 figure. Alternatively, appellee claims that he recovered both the $62,740.00 jury's verdict and $2,596.64 in rental payments he recovered after suit was filed, totaling $65,346.64, or an eighty-three-percent recovery of the $78,908.89 demanded in his complaint.

■ The problem with both of appellee's theories is that he never amended his complaint to reflect the true amount he claimed was due him. Not only did he fail to amend his complaint, he submitted to the jury the amount he demanded in his initial complaint — $79,908.89 — by way of his "Sworn Statement in Proof of Loss." While appellee could have made a new and lesser demand by amendment after he filed his suit, *see R. J. "Bob" Jones Excavating Contr., Inc. v. Firemen's Ins. Co.,* 324 Ark. 282, 920 S.W. 2d 483 (1996), he did not do so. *See also* Ark. R. Civ. P. 15 (allowing for the liberal amendment to pleadings when

no prejudice to the parties would result). Significantly, there was no evidence before the jury that would allow it to consider that the rental payments had been made. Appellee contended that his dwelling was a total loss, but the jury disagreed, returning a verdict that was outside the twenty percent of the amount appellee demanded in the proof he presented.

■ Following the trial, appellee filed a "Statement of the Evidence," purportedly under Rule 6(d) of the Arkansas Rules of Appellate Procedure—Civil, whereby he stated that, in off-the-record discussions with the trial court, the parties stipulated that the maximum amount in damages available to appellee under the dwelling coverage was $70,110.00 in the event the jury determined that the dwelling was a total loss. According to appellee, both parties acknowledged "the amount demanded" by him if "he were completely successful on the damage to the real property was in the amount of $70,100.00. Appellee did not request that the trial court rule on his "Statement of the Evidence," as required by Rule 6. Thus, as there is no record of the in-chambers hearing, we cannot determine whether any hearing or stipulation took place. *See, e.g., Houston v. Knoedl*, 329 Ark. 91, 947 S.W. 2d 745 (1997).

■ Based on the foregoing, the order of the trial court assessing a penalty and attorneys' fees under § 23-70-208 against appellant is reversed, and this cause is remanded for an appropriate order to be entered.