SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Overtus BRINKER

01-1435 84 S.W.3d 846

Supreme Court of Arkansas
Opinion delivered September 12, 2002

16

*Butler, Hickey, Long & Harris,* by: *Andrea Brock,* for appellant.

*Easley, Hicky & Hudson,* by: *B. Michael Easley,* for appellee.

R AY THORNTON, Justice. This appeal is a continuation of the controversy we addressed in *Brinker v. Forrest City School Dist. No 7,* 344 Ark. 171, 40 S.W.3d 265 (2001) relating to injuries appellee Overtus Brinker sustained in an automobile accident caused by the negligence of the school district and its employee, Virginia Roland. The original complaint was amended on December 4, 1996, naming Brinker's insurance provider, Southern Farm Bureau Casualty Insurance Co. (Farm Bureau) as a defendant based on its underinsured tortfeasor coverage of Brinker. Brinker sought $100,000.00 in damages.

The trial court granted Farm Bureau's motion to sever and ruled that Farm Bureau would not be bound by any judgment entered concerning Brinker and the original tortfeasors. The controversy proceeded to trial, and the jury returned a verdict of $100,00.00 in favor of Brinker on June 22, 1998.

On July 8, 1998, Brinker sent a letter to Farm Bureau, demanding that Farm Bureau pay the remaining $75,000.00 of the judgment. Farm Bureau refused to pay, and on July 28, 1998, Brinker promptly filed an amended complaint requesting penalties, payment and interest. Brinker subsequently filed a motion for summary judgment against Farm Bureau, which was denied. Brinker then appealed the trial court decision to sever the case and its ruling that Farm Bureau would not be bound by the verdict of the first trial.

On June 28, 2001, we reversed and remanded the trial court's order and held that Farm Bureau was bound by the verdict in the first trial because the motion to sever should not have been granted without requiring that Farm Bureau be bound by the ensuing judgment. We remanded for further action consistent

with that opinion. On remand, Brinker requested an award of attorney's fees, penalties and interest on the unpaid $75,000.00. Farm Bureau objected and argued that Brinker was not entitled to penalties, attorney's fees, and interest because the award of $75,000.00 was not within twenty percent of the amount demanded, as required by Ark. Code Ann. § 23-79-208(d). On June 28, 2001, the trial court entered an order as follows:

The court, having considered the issue of attorney fees and interest, finds:

> That if the court had granted the plaintiff's motion for summary judgment in the amount of $75,000.00, penalty and attorney fees would have been awarded. Since the court was in error in its rulings, the plaintiff should be able to recover what it would have if the court had not been in error. Plaintiff is entitled to penalty, interest and attorney fees.
>
> The parties have agreed that $30,000.00 is a reasonable attorney fee.
>
> The interest should begin to run from the judgment date of June 22, 1998.

■ The decision to award attorney's fees and the amount of an award are discretionary determinations that will be reversed only if the appellant can demonstrate an abuse of discretion. *Holmes v. McClendon*, 349 Ark. 162, 76 S.W.3d 836 (2002).

Farm Bureau appeals on the issues of whether the statutory requirement for an award of attorney's fees and penalty had been met, and whether postjudgment interest should be awarded from June 22, 1998 through June 28, 2001, arguing that actual judgment against Farm Bureau was not entered until June 28, 2001.

We conclude that the trial court order correctly interpreted and applied our decision in *Brinker, supra.*

The first issue we address is whether the trial court erred in awarding penalty and attorney's fees to Brinker pursuant to the statute. The rule concerning the award of penalty and attorney's fees is codified at Ark. Code Ann. § 23-79-208(d), which states:

> Recovery of less than the amount demanded by the person enti-
> tled to recover under the policy shall not defeat the right to the
> twelve percent (12%) damages and attorney's fees provided for in
> this section if the amount recovered for the loss is within twenty
> percent (20%) of the amount demanded or which is sought in the
> suit.

*Id.*

Farm Bureau argues that the amount recovered was not within twenty percent of the amount demanded and therefore penalties and attorney's fees must be denied. Based upon Brinker's July 8, 1998, demand letter for $75,000.00, we affirm the trial court's award of penalty and attorney's fees and hold that the amount recovered was within the twenty-percent range required by the statute. The statute provides that attorney's fees and the twelve-percent penalty are authorized only if the insured's recovery is within twenty percent of the amount demanded or sought in the suit. *National Standard Insurance Co. v. Westerbrooks*, 331 Ark 445, 962 S.W. 2d 355 (1998). The policy behind the statute is clearly stated in case law:

> It could never have been the purpose of the legislature to make
> the insurance company pay a penalty and attorney's fees for con-
> testing a claim that they did not owe. Such an act would be
> unconstitutional. The companies have the right to resist the pay-
> ment of a demand that they do not owe. *When the plaintiff
> demands an excessive amount he is in the wrong. The penalty and attor-
> ney's fees is for the benefit of the one who is only seeking to recover, after
> demand, what is due him under the terms of his contract, and who is
> compelled to resort to the courts to obtain it.*

*Id.*, [Emphasis added.] *See, Pacific Mut. Life Ins. Co. v. Carter*, 92 Ark. 378, 123 S.W. 384 (1909).

Farm Bureau contends that the demand for payment should be established as the first demand for $100,000.00 in the first com-plaint, not the second demand for $75,000.00 embodied in the demand letter sent by Brinker to Farm Bureau and in the amended complaint. Farm Bureau relied on *National Standard Insurance Co. v. Westerbrooks*, 331 Ark. 445, 962 S.W.2d 355 (1998) to support its argument. In that case, we determined that

the trial court erred in assessing statutory penalties and attorney's fees based on the following reasoning:

> [A]ppellee demanded the sum of $78,908.89 in his complaint. Thus he would have had to recover $63,527.11 or greater to come within the twenty percent. As the jury's verdict was $62,750.00, the appellee fell short of recovering within twenty percent of the amount he demanded.

*Id.* While the law interpreted in *National Standard Insurance Co.* is on point, the facts are not. The court held in that case that because appellant never amended its complaint to reflect the reduced amount owed by appellee, appellant was tied to the amount asked for in the complaint, and that higher amount was not within the twenty-percent range.

In the instant case, Brinker sent a letter to Farm Bureau, dated July 8, 1998, demanding that Farm Bureau pay the remaining $75,000.00. Farm Bureau refused to pay the demand of $75,000.00, and on July 28, 1998, Brinker filed a complaint amended to reflect the lower amount owed by Farm Bureau. In our first decision, we determined that Farm Bureau should have been bound by the judgment in the first trial, and we now conclude that the trial court was correct in treating the July 8, 1998, demand for $75,000.00 as the demand upon which $75,000.00 was awarded.

We need not reexamine the other proceedings between the parties as the second trial would not have happened but for the trial court's error in the first proceeding.

The second issue we address is Farm Bureau's argument that the trial court erred in awarding postjudgment interest against Farm Bureau from the date judgment was entered against the Forrest City School District, June 22, 1998, because the judgment from the second trial was not entered until June 28, 2001. We do not find an abuse of discretion in the trial court's ruling that interest commenced on the date of the June 22, 1998 judgment. We affirm the trial court's decision on this issue.

Postjudgment interest is awarded according to Ark. Code Ann. § 16-65-114(a) (2000), which states:

Interest on any judgment entered by any court or magistrate on any contract shall bear interest at the rate provided by the contract or ten percent (10%) per annum, but not more than the maximum rate permitted by the Arkansas Constitution, Article 19, § 13, as amended.

■ Public policy dictates that postjudgment interest is awarded by the courts in order "to compensate the judgment creditor for the fact that he has not had the use of a certain sum of money that has been adjudged to be his." *Equifax, Inc. v. Luster*, 463 F. Supp. 352 (E.D. Ark 1978).

Farm Bureau argues that the interest should be calculated from June 28, 2001, which was the date that the trial court entered judgment against it. Brinker responds that he was entitled to judgment against Farm Bureau on June 22, 1998, the date that the first judgment was entered and that Farm Bureau was bound by that judgment when we reversed and remanded.

■ ■ As a general rule, if the court on appeal awards a *new* award, then the interest on that award would run from the date that the new judgment was entered. *Glover v. Woodhaven Homes, Inc.*, 346 Ark. 397, 57 S.W.3d 211 (2001). However, in *Glover*, we addressed the question of when interest begins to accrue on a judgment that has been appealed, and concluded that when the appellate decision does not result in an actual reversal of the judgment, the interest begins accruing from the date of the original judgment. *Id.* We explained our reasoning:

> In determining whether an appellate decision is a reversal or merely a modification, we agree with the Supreme Court that we must look not only to the words used therein, but also to the legal effect of the decision. In other words, we are persuaded that the rights of the parties must not be sacrificed by placing form over substance.

■ In the first *Brinker* case, we concluded that the trial court erred in severing Farm Bureau without requiring it to be bound by the verdict in the original trial. We did not reverse the award of damages from the first trial, nor did we reverse the original judgment in favor of Brinker. Therefore it was proper to award postjudgment interest from the date of the June 22, 1998, judgment.

■ We also consider appellee's motion for attorney's fees. Pursuant to the provisions of Ark. Code Ann. § 23-79-208 and the case of *Newcourt Fin., Inc. v. Canal Ins. Co.*, 341 Ark. 181, 15 S.W.3d 328 (2000), we award attorney's fees for this appeal in the amount of $2,500.00 plus costs.

We find no error in the trial court's order as entered on June 28, 2001.

Affirmed.