# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1890

_____

Southern Pine Helicopters, Inc.,     *
                                            *

             Appellant,            *

                                            *   Appeal from the United States

      v.                                    *   District Court for the Eastern

                                            *   District of Arkansas.

Phoenix Aviation Managers, Inc.;     *

Old Republic Insurance Company,     *

                                            *

             Appellees.

_____

Submitted: January 15, 2004

Filed: February 27, 2004 (Corrected 3/10/04)

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
      Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A helicopter owned by Southern Pine Helicopters, Inc. (Southern Pine), was damaged when a fire broke out in its engine compartment. Southern Pine had a property damage insurance policy on the helicopter that was issued by Old Republic Insurance Company through Phoenix Aviation Managers, Inc. (we hereinafter refer to these two companies collectively as "the insurer"). After unsuccessfully attempting to resolve a claim under the insurance policy relating to the fire, Southern Pine filed suit, alleging that the insurer had breached the insurance contract and engaged in bad-

faith conduct. The district court[1] granted the insurer's motion for partial summary judgment both "as to the claim for damages other than those incurred by the direct physical damage to the helicopter caused by the accident" and "on the claim for bad faith." The case then proceeded to trial; the jury awarded Southern Pine $297,000, which was the insured value of the damaged helicopter, on its claim for compensatory damages. Following the jury verdict, Southern Pine filed a motion for attorneys' fees, pre-judgment interest, costs, and a twelve-percent statutory penalty. The district court held that Southern Pine was entitled to prejudgment interest and certain costs, but that it was not entitled to attorneys' fees or the twelve percent penalty because it had failed to meet the requirements of the Arkansas statute that authorizes fees and penalties in insurance cases. Southern Pine appeals the district court's denial of the statutory penalty and attorneys' fees. We affirm.

I.

The statute in question, Ark. Code Ann. § 23-79-208, provides for the recovery of damages and attorneys' fees against insurers in certain circumstances. It states that when an insurer liable for a loss fails to pay it within the time specified in the insurance policy after demand is made, the insurer is liable to pay the policyholder, in addition to the amount of the loss, damages in the amount of twelve percent of the loss, together with reasonable attorneys' fees for the recovery and collection of the loss. Ark. Code Ann. § 23-79-208(a). The availability of such damages and attorneys' fees is, however, contingent upon the amount of money that the policyholder demands or seeks in a suit from the insurer. The statute states, in relevant part:

> Recovery of less than the amount demanded by the person entitled to
> recover under the policy shall not defeat the right to the twelve percent

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

(12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

Ark. Code Ann. § 23-79-208(d). Prior to an amendment in 1991, *see* 1991 Ark. Acts 349, § 23-79-208 required an insured to have recovered the full amount that was demanded or sought in the suit in order to be entitled to the penalty and attorneys' fees. *See, e.g., Miller's Mut. Ins. Co. v. Keith Smith Co.*, 284 Ark. 124, 126, 680 S.W.2d 102, 103 (1984). The Arkansas Supreme Court has stated that the purpose of this statute is to punish "unwarranted delaying tactics" by insurers and that the statute, being penal in nature, is to be strictly construed. *National Standard Ins. Co. v. Westbrooks*, 331 Ark. 445, 449, 962 S.W.2d 355, 357 (1998); *State Farm Mut. Auto. Ins. Co. v. Thomas*, 316 Ark. 345, 347-48, 871 S.W.2d 571, 573 (1994).

The sole point of contention between the parties is the amount of money that was "demanded" or "sought in the suit" by Southern Pine, and whether "the amount recovered for the loss" was within twenty percent of that amount. Southern Pine's complaint contained two counts: Count I was entitled "Breach of Contract," and Count II was entitled "Bad Faith." In the breach of contract count, Southern Pine alleged that the insurer had failed to comply with the express terms of a valid insurance contract, that Southern Pine had reasonably complied with the terms and conditions of that contract, and that the insurer had acted unreasonably in performing its obligations under the contract. The breach of contract count concluded by stating that "Southern Pine has suffered damages, including but not limited [sic], financial damages in the amount of $576,750.00 and the $297,000.00 insured value of the subject helicopter."

In the bad faith count, Southern Pine, after alleging that the defendants had engaged in certain conduct, alleged that the "aforementioned affirmative, dishonest and oppressive conduct of the Defendants has resulted in Southern Pine incurring

substantial financial damages in the amount of $576,750.00 and the $297,000.00 insured value of the subject helicopter," that it "sought recovery of all compensatory damages" that it had incurred as a result of such conduct, and that, in addition, "punitive damages should be assessed against the defendants to deter like conduct in the future." Southern Pine concluded its complaint by praying for judgment in its favor "for a sum in excess of $873,750.00 plus interest, attorney's fees, costs of suit; for any and all statutory penalties and remedies allowed by law; for punitive damages, and for all other remedies which this court may deem proper."

## II.

From Southern Pine's complaint, it is apparent that it "demanded" or "sought in the suit" $873,750 under two alternative theories, breach of contract and bad faith, and that it also sought to recover an unspecified sum for punitive damages to sanction the insurer for its alleged bad faith, together with "all statutory penalties and remedies allowed by law." Southern Pine recovered $297,000 in damages. Section 23-79-208 plainly states that, to recover the twelve percent penalty and attorneys' fees, an insured's recovery must be within twenty percent of the amount that it demanded or sought in the suit. We need not decide whether alleged tort damages constitute part of the "amount demanded" or "sought in the suit" because even if we consider only the amount of money sought in the suit by Southern Pine that was specifically pleaded as damages in the breach of contract claim, which was $873,750, the jury award falls well short of the statutory threshold.

Southern Pine contends that the district court's grant of summary judgment against it on its bad faith claim and on its claim for consequential damages functionally disposed of its demand for any sum of money greater than $297,000. According to Southern Pine's argument, the summary judgment ruling effectively served to reduce the amount of money that it sought in the suit to $297,000, which was one hundred percent of the amount that it recovered for the loss following the jury verdict, and it is thus eligible for the attorneys' fees and statutory damages under

§ 23-79-208. Any more inclusive conception of the amount that it demanded in the suit, Southern Pine argues, would be unduly formalistic. We think, however, that this argument does not comport with the plain language of § 23-79-208 or the approach followed by Arkansas courts applying that statute.

Arkansas courts have interpreted the language "amount demanded or which is sought in the suit" as " 'the amount sued for.' " *Westbrooks*, 331 Ark. at 449, 962 S.W.2d at 357 (quoting *Mutual Relief Ass'n v. Poindexter*, 178 Ark. 205, 208, 10 S.W.2d 17, 18 (1928)). The Arkansas Supreme Court has stated that "no demand other than the filing of suit is required under section 23-79-208 .... Moreover, a new and lesser demand may be made by amendment after suit is filed." *R.J. Bob Jones Excavating Contractor, Inc. v. Fireman's Ins. Co. of Newark, New Jersey*, 324 Ark. 282, 288, 920 S.W.2d 483, 486-87 (1996). When such an amendment is made, the insurer's liability under § 23-79-208 is "determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay." *Id.*

The parties agree that Southern Pine's lawsuit served as its demand for money allegedly owed to it by the insurer for physical damage to the helicopter, and Southern Pine clearly "demanded" that the insurer pay it at least $873,750. Rule 15 of the Federal Rules of Civil Procedure allows for the liberal amendment of complaints "when justice so requires." Southern Pine could have amended its complaint by reducing its demand after the district court's summary judgment ruling. This would have given the insurer a clear opportunity to pay the amount demanded in the amended complaint and dispose of the suit, thus saving the significant transaction costs associated with a trial and avoiding the possibility of a penalty. Southern Pine, however, failed to reduce its demand at any time during the litigation. After the summary judgment ruling, the insurer had no reason to believe that Southern Pine was abandoning its consequential damages claim for $576,750, as Southern Pine had a right to continue pursuing that claim on appeal.

Section 23-79-208 punishes the unwarranted delaying tactics of insurers and encourages plaintiffs to state their claims accurately. As the Arkansas Supreme Court has explained, the "penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it." *Pacific Mut. Life Ins. Co. v. Carter*, 92 Ark. 378, 387, 123 S.W. 384, 388 (1909). As became evident during the course of litigation, Southern Pine demanded substantially more in its complaint than it was entitled to receive. The district court's denial of relief pursuant to § 23-79-208 was thus consistent with both the clear language of that statute and the policy that the statute was designed to serve.

## III.

For the reasons stated, we affirm the district court's denial of Southern Pine's motion for attorneys' fees and statutory damages pursuant to § 23-79-208.

_____