**STATE FARM AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**Eda STAMPS and Gary Stamps, Appellees.**

**No. CA 08–750.**

Court of Appeals of Arkansas.

Feb. 11, 2009.

Milligan, Medlock, Gramlich, LLP, by: Phillip J. Milligan, Fort Smith, for appellant.

Watts, Donovan & Tilley, by: James W. Tilley and Staci Dumas Carson, Little Rock, for appellees.

LARRY D. VAUGHT, Chief Judge.

Appellee Eda Stamps filed suit against appellant State Farm Automobile Insurance Company seeking underinsured motor-vehicle coverage. After a jury rendered a $135,000 verdict in her favor, the Sebastian County Circuit Court entered an order awarding Eda a statutory penalty and attorney's fees. State Farm appeals from this order, arguing that the trial court erred in awarding the penalty and fees because the amount Eda recovered at trial was not within twenty percent of the amount she demanded or sought in her suit as required by Arkansas statute. We affirm.

In June 2000, Eda, while operating her automobile, was struck by another automobile driven by a drunk driver. The drunk driver had a State Farm policy of liability insurance in force with limits of $50,000. State Farm tendered the policy limits to Eda. At the time of the accident, Eda had her own policy of liability insurance in force, also with State Farm. Eda's policy included underinsured motor-vehicle coverage with policy limits of $250,000. Because Eda alleged that she suffered damages in excess of $50,000, she demanded that State Farm pay her the policy limits. The claim was denied.

Eda and her husband Gary filed suit against State Farm seeking underinsured motor-vehicle coverage. No specific monetary amount was sought in the complaint; rather, they prayed for an amount that exceeded federal jurisdictional limits of $75,000, costs, pre- and post-judgment interest, statutory penalties, and attorney's fees pursuant to Arkansas Code Annotated section 23–79–208(d)(1) (Supp.2007). An amended complaint filed by the Stampses prayed for the same damages.

Just over a month prior to trial, the Stampses filed a document entitled "Amended Demand Pursuant to A.C.A. § 23–79–208." Therein, the Stampses stated that they had previously demanded policy limits from State Farm; however, they reduced their demand to $150,000. The Stampses further stated:

> That should Plaintiff prevail either by settlement or verdict to the extent of at least 80% of [the] demand, Plaintiff requests an immediate Court assessment of 12% penalty, reasonable attorneys fees, costs and pre and post judgment interest.

State Farm did not accept this demand.

At trial, the parties stipulated that the Stampses' policy of underinsured motor-

vehicle coverage had limits of $250,000. In opening statements, counsel for the Stampses advised the jury that the Stampses received policy limits of $50,000 from the drunk driver. Counsel also said that the Stampses' damages exceeded $50,000. Counsel stated that Gary would testify that "[w]e want [State Farm] to pay us that $250,000," and "[so] that's what State Farm is now looking to argue, is the damages—how much of that 250 they're going to have to turn loose of. That's what this case is about. How much of those damages do I have to write a check for...." Gary testified that he did not think that $250,000 would make his wife whole, but that "since that's the policy limits, ... that's all I would expect."

The jury returned a verdict in favor of Eda in the amount of $135,000.[1] At a post-trial hearing, Eda's counsel argued that Eda was entitled to the twelve-percent penalty and attorney's fees pursuant to Arkansas Code Annotated section 23–79–208(d) because the $135,000 jury verdict was within twenty percent of her $150,000 demand.[2] State Farm argued that at trial the Stampses demanded $250,000, regardless of what her complaints sought, and that Eda is not entitled to penalties and attorney's fees because her recovery was not within twenty percent of $250,000. In response, Eda's counsel argued that there was no $250,000 demand at trial. He argued that the jury knew that policy limits were $250,000 because the parties stipulated to that fact. Eda's counsel claimed that the complaints

asked for an amount in excess of $75,000 and that Eda's only demand was $150,000.

The trial court entered an order awarding the twelve-percent penalty and attorney's fees, stating that statutory damages "are available under section 23–79–208 if the amount recovered is within twenty percent of the amount demanded or which is sought in the suit." The court acknowledged State Farm's argument that Eda's counsel demanded $250,000 at trial and was now bound to that figure as her demand, but the court found that argument unpersuasive. After reviewing the record and citing pertinent portions of it, the trial court found that neither the testimony from Eda and Gary nor arguments from their counsel

... rises to anything close to a demand for $250,000. Taken as a whole, those statements made by counsel at the opening statement stage of the trial do not rise to such a level as to undo the history of the case, which clearly reveals a $150,000.00 demand.

In the Court's opinion, Plaintiff did not do what was forbidden—manipulate the case to make such an award certain. In that regard, this case appears to the Court to be clearly distinguishable from the cases cited in Defendant's brief. On the other hand, Plaintiffs were not bound to roll over and play dead at trial just because they had made a demand. To rule otherwise would remove any incentive for defendants to engage in settlement in such cases. The motion as it relates to the twelve percent (12%) damages assessment pursuant to Ark. Code Ann. [§ ] 23–79–208 is granted.[3]

1. The jury awarded Gary $0, and this award was not appealed by him.

2. Eda also argued that she was entitled to pre-judgment interest. The trial court subsequently denied this motion, and she did not appeal.

3. The trial court also found that Eda was entitled to attorney's fees in the amount of $54,000. While State Farm is appealing the appropriateness of the award of attorney's fees under Arkansas Code Annotated section 23–79–208(d)(1), it is not appealing the reasonableness of the amount of attorney's fees awarded.

State Farm filed a timely notice of appeal, arguing only that the trial court erred in awarding a statutory penalty and attorney's fees pursuant to Arkansas Code Annotated section 23–79–208(d).

This case involves an issue of law concerning the interpretation of a statute. We review issues of statutory interpretation de novo. *City of Pine Bluff v. Southern States Police Benev. Ass'n, Inc.,* 373 Ark. 573, 285 S.W.3d 217 (2008). It is for this court to decide what a statute means. *Id.* In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

It is well settled that:

> [t]he first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. (Citation omitted.) ... In interpreting a statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. (Citation omitted.)

*National Standard Ins. Co. v. Westbrooks,* 331 Ark. 445, 448–49, 962 S.W.2d 355, 357 (1998) (citations omitted). The statute in question, Arkansas Code Annotated section 23–79–208, provides in pertinent part, as follows:

> Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

Ark.Code Ann. § 23–79–208(d)(1) (Supp. 2007). Our supreme court has held that " § 23–79–208(d), being penal in nature, is strictly construed." *Westbrooks,* 331 Ark. at 449, 962 S.W.2d at 357 (citation omitted). "The purpose of § 23–79–208 is to punish the unwarranted delaying tactics of insurance companies." *Id.,* 962 S.W.2d at 357 (citation omitted). However, when an insured demands more than that which he is entitled to recover, the statutory penalty and attorney's fee should be denied:

> It could never have been the purpose of the legislature to make the insurance company pay a penalty and attorneys' fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it.

*Westbrooks,* 331 Ark. at 449, 962 S.W.2d at 357 (citing *Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 388, 123 S.W. 384 (1909)).

In cases applying section 23–79–208(d)(1), no demand other than the filing of suit is required under section 23–79–208 and its predecessor statutes. *R.J. "Bob" Jones Excavating Contractor, Inc. v. Firemen's Ins. Co.,* 324 Ark. 282, 920 S.W.2d 483 (1996) (citations omitted). However, a new and lesser demand may be made by amendment after suit is filed. *Id.* (citations omitted). When such an amendment is made, the insurer's liability under section 23–79–208 is determined by whether it elects to contest the claim rather than offering to pay the reduced amount or

asking for time in which to pay. *Id.* (citation omitted).

■ The critical question in this case is whether the $135,000 jury verdict is within twenty percent of the "amount demanded" or "which [was] sought in the suit." As such, we must determine what amount Eda demanded or what she sued for— $250,000 or $150,000.

State Farm contends that $150,000 was not the amount Eda demanded or sued for because the amended demand extending that offer is not a pleading recognized by the Arkansas Rules of Civil Procedure. Moreover, State Farm contends that after Eda filed the amended demand, the amount she actually demanded or sued for was $250,000 because that is the amount of damages she requested from the jury at trial. We disagree with both arguments.

■ First, there is no requirement in section 23–79–208(d)(1) that the amount demanded or sought in the suit be filed in a "pleading" contemplated by the Arkansas Rules of Civil Procedure. Nevertheless, the amended demand was a document, filed with the court, that clearly stated that Eda was reducing her demand. Secondly, after our own review of the record, we hold that Eda never made a demand or sued for $250,000 at trial. The parties stipulated to the limits of the policy, which were $250,000. Because of this stipulation, it was known by the jury that it could award any amount between $0 and $250,000.

State Farm cites three cases in support of its arguments. The first is *Unum Life Insurance Company of America v. Edwards*, 362 Ark. 624, 210 S.W.3d 84 (2005). There, Edwards was seeking benefits from her disability insurer. While the maximum benefits Edwards could receive under her policy was $54,928.75, Edwards's complaint and amended complaint prayed for benefits in excess of $3,000. A jury found that Edwards was entitled to $43,943. Because Edwards had not specified an amount of benefits that she was seeking, the insurer argued that she was not entitled to a penalty and attorney's fees under section 23–79–208(d). The trial court disagreed and awarded the statutory penalty and fees. On appeal, the supreme court affirmed the award, holding that although Edwards did not amend her complaint to definitely state the amount of benefits she claimed, she was seeking all future benefits due under her policy and her recovery was within twenty percent of what she sought.

State Farm claims that the holding in *Edwards* is that the application of section 23–79–208 is triggered by "the actual recovery which the insured seeks at trial, not a set sum in any pre-trial filing." We disagree with this characterization of the holding in *Edwards* as several Arkansas cases have held that a "pre-trial filing" triggered section 23–79–208. *see Southern Farm Bur. Cas. Ins. Co. v. Brinker*, 350 Ark. 15, 84 S.W.3d 846 (2002); *Westbrooks, supra; see also R.J. "Bob" Jones Excavating Contractor, Inc., supra; Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 358 F.3d 1086 (8th Cir. 2004) (applying Arkansas law). Furthermore, there are critical factual distinctions between *Edwards* and the instant case. In *Edwards*, prior to trial there was no specific amount of money that was demanded or sought in the pleadings or any other document. All that the court had to consider was the evidence Edwards presented at trial. The instant case differs in that prior to trial there was a specific formal demand filed for $150,000.

State Farm also cites *Brinker* for support. In *Brinker*, the insured sought underinsured motor-vehicle coverage following an automobile accident with a third

party. Brinker's complaint against his insurer sought $100,000 in damages. Brinker later sent a letter to his insurer reducing his demand to $75,000, which his insurer refused to pay. Brinker filed an amended complaint requesting penalties, payment of $75,000, and interest. It was later determined that the insurer owed Brinker the $75,000, and Brinker sought penalties and attorney's fees pursuant to Arkansas Code Annotated section 23–79–208(d). The trial court awarded Brinker the penalty and attorney's fees, and the insurer appealed, claiming that the award of $75,000 was not within twenty percent of the amount "demanded" ($100,000). The supreme court affirmed the award, holding that Brinker's recovery of $75,000 was within twenty percent of his letter and amended complaint demanding $75,000.

State Farm contends that *Brinker* stands for the proposition that "a later demand for judgment, even if made outside the pleadings, is controlling to determine whether a demand is within twenty percent of the amount awarded." In other words, Eda's request at trial for $250,000 (a demand made outside the pleadings) triggered section 23–79–208. We disagree with State Farm's application of *Brinker* and its argument. The *Brinker* court, in affirming the statutory award, found that section 23–79–208 applied based not only on the demand letter (made outside the pleadings), but also based upon the amended complaint that was filed in that case. In the case at bar, the document filed by Eda with the reduced demand similarly activated the application of the statute. Moreover, as previously stated, Eda did not make any formal and specific monetary demand at trial.

The final case cited by State Farm is *McAlister v. Nationwide Mutual Fire Insurance Co.*, 2006 U.S. Dist. LEXIS 71014

(W.D.Ark. Sept. 29, 2006). In *McAlister*, the insureds, who suffered a fire loss, were forced to sue their insurer after it denied coverage. In their amended complaint, they demanded "$60,000 or an amount to be proven at trial." At trial, the insureds asked the jury for $108,305. The jury awarded them $68,261. The insureds sought penalties and attorney's fees under section 23–79–208(d); however, the district court denied the request. The court held that the amount that the insureds "demanded" was $108,305 and that because the insureds' recovery was not within twenty percent of $108,305, the request for the statutory penalty and attorney's fees was denied.

*McAlister* is distinguishable from the case at bar because there was no amended demand filed. Also, the insureds in *McAlister* demanded a specific amount of money ($108,305) at trial that exceeded the amount of damages they sought in their amended complaint. That did not occur in the case at bar. Eda, Gary, and their counsel generally spoke about the stipulated policy limits of $250,000, but there is no evidence that at trial they demanded a specific amount of money that they were seeking as damages.

In sum, under our de novo review, we affirm the trial court's order awarding Eda attorney's fees and a twelve-percent penalty under section 23–79–208(d)(1).

Affirmed.

ROBBINS and GRUBER, JJ., agree.