2009 Ark. 621

**STATE FARM AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**Eda STAMPS & Gary Stamps,**
Appellees.

No. 09–208.

Supreme Court of Arkansas.

Dec. 10, 2009.

Watts, Donovan & Tilley, P.A., by: David M. Donovan and James W. Tilley, Little Rock, for appellant.

Milligan Law Offices, by: Phillip J. Milligan, Fort Smith, for appellee.

PAUL E. DANIELSON, Justice.

Appellant State Farm Automobile Insurance Company appeals the order of the Sebastian County Circuit Court awarding a statutory penalty and attorney's fees to appellee Eda Stamps.[1] State Farm argues that the circuit court erred by awarding a statutory penalty and attorney's fees to Stamps because the amount she recovered at trial was not within twenty percent of the amount she demanded or that was sought in her suit as required by Arkansas Code Annotated § 23–79–208(d)(1) (Supp. 2009). For the reasons set forth below, we affirm the order of the circuit court.

Stamps was struck by an automobile driven by a drunk driver in June of 2000. The drunk driver had a liability insurance policy with State Farm that had a policy limit of ₂$50,000. State Farm paid the policy limit of $50,000 to Stamps. However, at the time of the accident, Stamps also had an insurance policy with State Farm that included underinsured motor-vehicle coverage. The policy limits on Stamps's policy were $250,000. Stamps alleged that she suffered damages beyond the $50,000 she had been paid and demanded that State Farm also pay the policy limits of her policy. That claim was denied.

On May 15, 2006, Eda and her husband, Gary, filed suit against State Farm seeking underinsured motor-vehicle coverage. The complaint prayed for an amount that exceeded federal jurisdictional limits of $75,000, costs, prejudgment interest, postjudgment interest, statutory penalties, and attorney's fees pursuant to Arkansas Code Annotated § 23–79–208. The amended complaint prayed for the same damages. However, on October 15, 2007, the Stampses filed an "amended demand," which

---

1. Although Gary Stamps is also shown as a party, he did not receive an award at trial and does not appeal that finding.

sought satisfaction under the underinsured policy of damages in the amount of $150,000 and, pursuant to Ark.Code Ann. § 23–79–208, twelve percent of penalty, reasonable attorney's fees, costs, prejudgment interest, and postjudgment interest, should they prevail to the extent of eighty percent of their demand. State Farm did not accept this demand and trial began on October 22, 2007.

At trial, the parties stipulated that the Stampses' policy of underinsured motor-vehicle coverage had limits of $250,000. In opening statements, counsel for the Stampses advised the jury that the Stampses did receive policy limits of $50,000 from the drunk driver, but stated that the damage to the Stampses exceeded $50,000. Counsel informed the jury that Gary would testify that "[w]e want [State Farm] to pay us that $250,000," and continued his opening statement with "[so] that's what State Farm is now looking to argue, is the damages-how much of that 250 they're going to have to turn loose of. That's what this case is about. How much of those damages do I have to write a check for...." Gary did testify at trial that he did not believe that $250,000 would make his wife whole, but that "since that's the policy limits, ... that's all I would expect."

The jury returned a verdict in favor of Eda Stamps in the amount of $135,000. At a posttrial hearing, Stamps's counsel argued that Stamps was entitled to the twelve-percent penalty and attorney's fees pursuant to section 23–79–208(d) because the $135,000 verdict was within twenty percent of the $150,000 demand.[2] State Farm argued that, during trial, the Stampses had actually demanded $250,000, regardless of what the written complaints sought and, therefore, Stamps was not en-

titled to penalties and attorney's fees because her recovery was not within twenty percent of a $250,000 demand. Stamps's counsel responded by arguing that there was no such demand of $250,000 and that, in trial, the jury knew the policy limits were $250,000 because it was a stipulated fact between the parties. He claimed that the complaints only asked for an amount in excess of $75,000 and that the only later demand was for $150,000.

The circuit court entered an order awarding the twelve-percent penalty and attorney's fees to Stamps, stating that the statutory damages "are available under section 23–79–208 if the amount recovered is within twenty percent of the amount demanded or which is sought in the suit." The court acknowledged State Farm's argument that Stamps's counsel had demanded $250,000 during trial and was now bound to that figure as the demand, but did not agree. In its order, the circuit court specifically found:

> ... *Closing argument contains nothing which, in the Court's opinion, rises to anything close to a demand for $250,000.00. Taken as a whole, those statements made by counsel at the opening statement stage of the trial do not rise to such a level as to undo the history of the case, which clearly reveals a $150,000.00 demand.*

In the Court's opinion, Plaintiffs did not do what was forbidden—manipulate the case to make such an award certain. In that regard, this case appears to the Court to be clearly distinguishable from the cases cited in Defendant's brief. On the other hand, Plaintiffs were not bound to roll over and play dead at trial just because they had made a demand. To rule otherwise would remove any

---

**2.** Eda had also argued that she was entitled to prejudgment interest; however, the circuit court denied that motion, and she did not appeal that ruling.

incentive for defendants to engage in settlement in such cases. The motion as it relates to the twelve percent (12%) damages assessment pursuant to Ark. Code Ann. 23–79–208 is granted.

(Emphasis added.)

State Farm filed a timely notice of appeal, arguing that the circuit court erred in awarding a statutory penalty and attorney's fees pursuant to section 23–79–208(d)(1). The court of appeals affirmed the order of the circuit court. *See State Farm Auto. Ins. Co. v. Stamps,* 104 Ark. App. 308, 292 S.W.3d 833 (2009). State Farm then filed a petition for review in this court, which we granted on May 28, 2009.

State Farm argues that, pursuant to section 23–79–208(d), Eda was not entitled to the statutory penalty and attorney's fees because her recovery of $135,000 was not twenty percent of $250,000, which State Farm claims was the "amount demanded" or the amount which was "sought in the suit." Stamps avers that the circuit court was correct in finding that her only demand was for $150,000 and, therefore, her recovery of $135,000 did fall within the twenty percent required by the statute.

The circuit court found in its order that the only demand made by Stamps was the $150,000 demand. This court will affirm the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *See PH, LLC v. City of Conway,* 2009 Ark. 504, 344 S.W.3d 660. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court based on the entire evidence is left with a firm conviction that a mistake has been committed; disputed facts and determinations of credibility are within the province of the fact-finder. *See id.*

Arkansas Code Annotated § 23–79–208(d)(1) provides, in pertinent part:

(d)(1) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

Ark.Code Ann. § 23–79–208(d)(1) (Supp. 2009). This court has previously held that section 23–79–208(d) is penal in nature. *See State Farm Mut. Auto. Ins. Co. v. Thomas,* 316 Ark. 345, 871 S.W.2d 571 (1994). We have stated that its purpose is to punish unwarranted delaying tactics of insurance companies. *See Farm Bureau Mut. Ins. Co. v. David,* 324 Ark. 387, 921 S.W.2d 930 (1996). Denying the penalty and attorney's fees is proper where the insured made a demand for more than they were entitled to recover:

It could never have been the purpose of the legislature to make the insurance company pay a penalty and attorneys' fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorneys' fee is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it.

*Nat'l Standard Ins. Co. v. Westbrooks,* 331 Ark. 445, 449, 962 S.W.2d 355, 357 (1998) (quoting *Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 388, 123 S.W. 384 (1909)).

The issue in the instant case is whether the circuit court erred in finding that Stamps did not change the "amount

demanded" or the amount that she "sought in the suit" during trial. No demand is required under section 23–79–208 other than the filing of a suit; however, a new and lesser demand may be made by amendment after a suit is filed. *See R.J. "Bob" Jones Excavating Contractor, Inc. v. Firemen's Ins. Co.,* 324 Ark. 282, 920 S.W.2d 483 (1996). When such an amendment is made, the insurer's liability under section 23–79–208 is determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay. *See id.*

In the instant case, it is undisputed that Stamps filed an "amended demand," which sought satisfaction under the underinsured policy of damages in the amount of $150,000. While State Farm first argues that Stamps's amended demand should not be considered because it is not a pleading recognized by the Arkansas Rules of Civil Procedure, there is no such requirement included in section 23–79–208. The amended demand was easily evidenced because it was in the form of a document filed with the court, and it clearly stated a reduced amount being demanded from State Farm. State Farm further contends that Stamps actually demanded $250,000 because that is the amount of damages that she actually requested from the jury during trial. We disagree.

The two cases from this court cited by State Farm are easily distinguishable from the instant case. In *Unum Life Insurance Co. of America v. Edwards,* 362 Ark. 624, 210 S.W.3d 84 (2005), this court affirmed the award of the statutory penalty and attorney's fees because the jury found that Edwards was entitled to $43,943, which was within twenty percent of the maximum benefits that Edwards could receive under the policy, $54,928.75. The maximum benefits amount was used because, prior to trial, there was no specific amount of money that was demanded or sought. Therefore, the only amount that the court could consider was the evidence that Edwards presented at trial, seeking all future benefits due under her policy. Here, Stamps made a specific pretrial demand from State Farm for $150,000. Because State Farm refused that demand, the case went to trial.

In *Southern Farm Bureau Casualty Insurance Co. v. Brinker,* 350 Ark. 15, 84 S.W.3d 846 (2002), we held that although Brinker's complaint had sought one amount, she later filed an amended complaint and sent a demand letter reducing that amount and, therefore, was entitled to penalties and fees pursuant to the statute when the jury awarded her that reduced amount. State Farm cites this case to support that a later demand for judgment is controlling to determine whether a demand is within twenty percent of the amount awarded. However, that is not at issue here considering that the circuit court simply found that no later demand for judgment was actually made after Stamps's demand of $150,000.

In an unreported case, *McAlister v. Nationwide Mutual Fire Insurance Co.,* 2006 WL 6640380, 2006 U.S. Dist. LEXIS 71014 (W.D.Ark. Sept. 29, 2006), the United States District Court for the Western District of Arkansas denied a request for the statutory penalty and attorney's fees when the insureds' complaint had demanded $60,000 and they were awarded $68,261 by the jury because they had specifically asked the jury for $108,305 at trial. This case is perhaps the most similar to the case at hand. However, in the instant case, the circuit court did not find that Stamps had made a specific demand at trial regardless of the statements that were made referencing the policy limits of $250,000. We cannot say that the finding was clearly erroneous.

Had State Farm paid the $150,000 demand, the case would not have proceeded to trial. State Farm made a choice not to pay that demand, and the appellees were forced to go to trial. After trial, the jury awarded Stamps an amount within twenty percent of the demand that would have put an end to the litigation. The assumption is that Stamps's demand of $150,000 had not been unreasonable and should have been paid. As noted above, the purpose of section 23–79–208 is to punish unwarranted delaying tactics of insurance companies. Therefore, we affirm the circuit court's finding and its order awarding the statutory penalty and attorney's fees to Stamps.

Affirmed.

IMBER, J., not participating.